## Donnelly et al., Appellants, *v.* Mays.

*Guarantee—Contracts of—Roofing contracts—Roof guaranteed to wear five years—Breach of guarantee—Evidence.*

In an action of assumpsit to recover for the breach of a guarantee that a roof would wear five years, judgment was properly entered for the defendant, where the only evidence of any defect was that one of plaintiffs' tenants complained of a leak in the roof and that the landlord paid a bill purporting to be for the repair of the leak.

To recover on such a guarantee it must be shown not only that there was a leak in the roof, but that the leak was due to the failure of the roof to sustain the wear to which such roofs are ordinarily subject, considering all the surrounding circumstances.

Argued November 11, 1925. Appeal No. 256, October T., 1925, by plaintiffs, from judgment of M. C. Philadelphia County, July T., 1924, No. 546, in the case of Michael F. Donnelly and Bernard J. O'Connell v. Robert A. Mays. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on breach of guarantee. Before RENSHAW, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the defendant and judgment thereon. Plaintiffs appealed.

*Error assigned,* among others, was the refusal of plaintiffs' motion for judgment n. o. v.

*Robert T. McCracken,* and with him *William J. Brady,* for appellants.

*C. W. Conrad,* of *Conrad & Middleton,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

Mays, the defendant, entered into a contract with Lutz on December 9th, 1922, which reads: We will coat 3rd story tin roof, 3rd story rear tin roof with asbestos fiber coating, (here follow items not pertaining to the roofs) for the sum of $110 and guarantee these 3rd story roofs to wear five years. In July, 1924, the owners of the premises, not Lutz, but the plaintiffs in this case, paid a bill which purported to be for repairing a leak in the tin roof over the back room of the premises. The bill amounted to $14.90 and it is to recover this sum that the present suit was brought.

There is an objection which is fatal to the plaintiffs' case. The guarantee is that the roofs "will wear five years." The only competent testimony as to the failure of the defendant to keep his guarantee, is that of the tenant. He took possession in August, 1922. He states that on or about the first of June, "I done a little papering in one of the bath rooms and the first night rain came in, but it was very very light, and very small leak, very small. I told Mr. Donnelly about it, told him the roof leaked just a little over the bath room on the third floor, right underneath the roof. I am not a roofer. I don't know whether the leak came from the roof or came from the coping. I tell you, I went up there and

examined it myself and I could not see, it looked like the roof was in a pretty good way, if I could have found where it was there was a kind of water coming off the roof above don't you know, from the spouting, and I could not find out where it was, it was a very light leak." It is very evident that the above statements do not prove that the defendant did not keep his guarantee. There were some letters introduced which it is claimed served as an admission from the defendant that the roofs were leaking, but they do not sustain any such assumption, in fact, the defendant avers in one of the letters that he owed no duty under the guarantee to the plaintiffs, as they were not parties to the contract, and that when he called at the premises the tenant knew nothing about a leak. To get under the guarantee, the plaintiffs are required to show not only that there was a leak in the roofs, which they failed to do, but that the leak was due to the failure of the roofs to sustain the wear to which such roofs are ordinarily subject, considering all the surrounding circumstances. The testimony that the tenant complained was not competent. The bill which was sued upon does not prove that the defendant's guarantee was broken. The persons who saw the roof, and did the work thereon, could furnish the proper proof as to what was the nature of the defect, if any, in the roof. The judge, sitting without a jury, very properly concluded that there was no evidence that the roof did not wear, or that the bill which was sued upon was "for work done to repair or correct the defendant's work under his guarantee."

The assignments of error are overruled and the judgment is affirmed.